UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PETER ARCHER, | No. 2:23-cv-01513 DB P |
| Plaintiff, | |
| v. | ORDER AND |
| STEVEN MNUCHIN, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff, John Peter Archer, proceeds without counsel on a civil complaint for damages. This matter was referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1). Plaintiff's complaint is before the court for screening. (ECF No. 1.) The complaint's allegations do not state a claim. Because it clearly appears leave to amend would be futile, the complaint should be dismissed without leave to amend.

**I.    In Forma Pauperis**

Plaintiff seeks to proceed in forma pauperis. (ECF No. 6) "A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." Tripati v. First Nat'l Bank & Tr., 821 F.2d 1368, 1370 (9th Cir. 1987). For the reasons set forth below, the undersigned recommends plaintiff's application to proceed in forma pauperis be denied.

## II. Screening Requirement

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and mut order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id., 550 U.S. at 555. The facts alleged must "'give the defendant fair notice of what the... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). In reviewing a complaint under this standard, the court accepts as true the non-conclusory allegations of the complaint and construes the pleading in the light most favorable to the plaintiff. See id.; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## III. Plaintiff's Allegations

From January 1, 2020, through December 31, 2020, a series of "copyright, under written, presentments" were sent to Steven Mnuchin, whom plaintiff alleges was the Director of the "California Treasury."[1] (ECF No. 1 at 2.) "These presentment[s] to payment or U.S. Civil Court Suit [under] 15 USCS 15, will be pursued." (Id.) And further, "With/By, (X7) copyright notices, letters, to fault-cure and remedy." (Id.) The director did not reply to plaintiff's communications. (Id.) After 30 days of non-response, "no returns, by demand and request, did all private copyright

---

[1] In quoting allegations from plaintiff's complaint, some punctuation and capitalization is omitted.

2

property and under written copyright works become stolen property." (Id.) The defendants are Steven Mnuchin, two other individuals alleged to be affiliated with the "California Treasury," and "all other treasurers." (Id. at 2.) Through this suit, plaintiff seeks damages for the alleged theft of his copyright works and presentments. (Id. at 3.)

**IV.    Discussion**

The complaint states plaintiff's claim is brought under 15 U.S.C. § 15, the Clayton Act. The Clayton Act authorizes a private individual to bring suit under the antitrust laws if that individual has been "injured in his business or property by reason of anything forbidden in the antitrust laws." 15 U.S.C. § 15. Specifically, it creates private right of action to enforce the Sherman Act, 15 U.S.C. §§ 1-2. See Knevelbaard Dairies v. Kraft Foods, Inc., 232 F.3d 979, 987 (9th Cir. 2000) (citing 15 U.S.C. § 15). The two sections of the Sherman Act, in turn, seek to prevent anticompetitive practices in commerce. 15 U.S.C. §§ 1-2; see also NYNEX Corp. v. Discon, Inc., 525 U.S. 128, 133 (1998); Somers v. Apple, Inc., 729 F.3d 953, 963 (9th Cir. 2013).

As an initial matter, the complaint does not comply with Rules 8 and 12 of the Federal Rules of Civil Procedure because the complaint does not set forth a short and plain statement of the purported grounds for relief against each defendant. "Although a pro se litigant like [plaintiff] may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." Brazil v. U.S. Dep't of Navy, 66 F.3d 193, 199 (9th Cir. 1995). Moreover, the complaint's allegations are incomprehensible. The complaint does not present plausible factual allegations establishing any claim or legally coherent theories of liability. The complaint should be dismissed on this basis. See Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); see also Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

If it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). In this instance, plaintiff makes no allegations that would support a claim under the Clayton Act. Based on the complaint's incomprehensible allegations, it clearly appears leave to amend would be futile.

## V. Order and Recommendation

In accordance with the above, IT IS ORDERED that the Clerk of the Court shall assign a district judge to this case.

In addition, IT IS RECOMMENDED as follows:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 6) be DENIED.

2. The complaint be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 4, 2024

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
arch1513.scrn.fr

4